## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROCHELLE MEYER, ROTH IRACUSTODIAN, On Behalf of Herself and Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUTNAM INTERNATIONAL VOYAGER FUND n/k/a PUTNAM INTERNATIONAL CAPITAL OPPORTUNITIES FUND, PUTNAM EUROPE GROWTH FUND n/k/a PUTNAM EUROPE EQUITY FUND, PUTNAM INTERNATIONAL GROWTH FUND n/k/a INTERNATIONAL EQUITY FUND, PUTNAM GLOBAL EQUITY FUND, PUTNAM INVESTMENT MANAGEMENT TRUST, PUTNAM INVESTMENT MANAGEMENT LLC, MARSH & MCLENNAN CORP., INC., OMID KAMSHAD, and JUSTIN M. SCOTT,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

$03 \, ^{CV} 12214 \, DPW$

Civ. A. No. _____

MAGISTRATE JUDGE _____

AMOUNT $_____  5/638
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
_____

## NOTICE OF REMOVAL

The Putnam Defendants,[1] by their undersigned attorneys, hereby remove the above-

entitled action, originally filed in the Superior Court Department of the Trial Court, Suffolk

County, Commonwealth of Massachusetts, to the United States District Court for the District of

_____

[1] The "Putnam Defendants" include Putnam International Voyager Fund n/k/a Putnam International Capital Opportunities Fund, Putnam Europe Growth Fund n/k/a Putnam Europe Equity Fund, Putnam International Growth Fund n/k/a International Equity Fund, Putnam Global Equity Fund, Putnam Investment Management Trust, Putnam Investment Management LLC, Marsh & McLennan Corp., Inc., Omid Kamshad, and Justin M. Scott. The "Putnam Fund Defendants" include Putnam International Voyager Fund n/k/a Putnam International Capital Opportunities Fund, Putnam Europe Growth Fund n/k/a Putnam Europe Equity Fund, Putnam International Growth Fund n/k/a International Equity Fund, and Putnam Global Equity Fund. The "Putnam Management Defendants" include Putnam Investment Management Trust, Putnam Investment Management LLC, and Marsh & McLennan Corp., Inc.

Massachusetts, pursuant to 28 U.S.C. §§ 1441, 1446 and the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §78bb ("SLUSA"). A copy of the Complaint—the only pleading to have been filed in state court—is attached hereto as Exhibit A. This Notice of Removal is timely made within 30 days of service. *See* 28 U.S.C. §§ 1446(b).

## BACKGROUND

Plaintiff commenced this action against the Putnam Defendants on October 31, 2003. Plaintiff purports to represent a class of investors who held shares in the Putnam International Voyager Fund, Putnam Europe Growth Fund, Putnam International Growth Fund, and the Putnam Global Equity Fund (collectively, the "Funds") between January 3, 2000 and September 16, 2003. *See* Complaint ("Compl.") ¶ 13. Plaintiff alleges that the Putnam Defendants breached fiduciary duties owed fund holders by engaging in a "scheme" by which certain favored investors and Putnam employees were allowed to engage in "market timing and self-dealing," *id.* ¶ 14, despite Putnam policies that purportedly stated, allegedly falsely, that the funds would not permit such activities. *See id.* ¶ 43. Plaintiff claims that the Putnam Defendants received substantial fees in exchange for allowing these market timing activities, *see id.* ¶ 14, which allegedly damaged fund holders. *See id.* ¶ 17.

## GROUNDS FOR REMOVAL

**I.    THE ACTION ARISES UNDER FEDERAL LAW AND POSES FEDERAL QUESTIONS.**

### A.    The Action is Removable Under SLUSA.

This Court has subject matter jurisdiction over this action pursuant to SLUSA. As enacted, SLUSA authorizes the removal to federal court of any "covered class action"[2] in which

---

[2] A "covered class action" is one in which "damages are sought on behalf of more than 50 persons or prospective class members," or where "one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated," and common questions of law and fact predominate over questions affecting individual

a private party alleges:  (i) "an untrue statement or omission of a material fact in connection with

the purchase or sale of a covered security;" or (ii) "that the defendant used or employed any

manipulative or deceptive device or contrivance in connection with the purchase or sale of a

covered security."[3]  15 U.S.C. § 77p.

The allegations of the complaint fit comfortably within the SLUSA removal standards.

The complaint alleges that the Putnam Defendants, in connection with the sale of shares in the

Funds,[4] engaged in a "scheme" to allow "fraudulent practices," including market timing, in

exchange for fees and other income.  Compl. ¶ 14 (describing "scheme"), ¶ 36 (characterizing

market timing as a "fraudulent practice[]").  The complaint further alleges that the Putnam

Defendants misrepresented, in e-mails and internal memoranda, that the Funds would not

"tolerate" market timing activities, when some customers were allegedly authorized, in fact, to

engage in market timing.  *Id.* ¶ 43, 45-47.  Finally, the complaint alleges that the Putnam

Defendants failed to disclose to the investing public and Fund holders that certain customers

were authorized to engage in market timing activities.  *See id.*  Thus, fairly read, the complaint

alleges the sort of fraudulent practices, misrepresentations, and omissions for which SLUSA's

removal provisions were designed.

---

persons or class members.  15 U.S.C. § 78bb(f)(5)(B)(I) & (II).  Here, plaintiff brings this action
on a representative basis, seeking damages on behalf of herself and others similarly situated, and
alleges that common questions of fact and law predominate.  *See* Compl. ¶ 66-67.  Thus, without
conceding that this action is properly brought as a class action, the action is a "covered class
action" for SLUSA purposes.

[3] The term "covered security" includes securities issued by investment companies, like
Putnam, that are registered under the 1940 Act.  15 U.S.C. §78bb(f)(5)(E); 15 U.S.C. § 77r(b)(2);
*see also* Compl. ¶¶ 2-5.  Shares in the Funds are therefore "covered securities" under SLUSA.

[4] The alleged deceptive conduct and untrue statements were "in connection with the
purchase or sale of a covered security," since they related to the value and nature of the
securities.  *See Saxe v. E.F. Hutton & Co.*, 789 F.2d 105, 108 (2d Cir. 1986); *see also SEC v.
Zandford*, 535 U.S. 813, 819 (2002) ("It is enough that the scheme to defraud and the sale of
securities coincide.").

It is true that Plaintiff nominally alleges only claims for breach of fiduciary duty, and not fraud, but this does not change the SLUSA removal analysis. Artful pleading cannot defeat removal under SLUSA; courts must "look beyond the allegations of the complaint in evaluating whether the state law claims are removable under SLUSA." *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1000 n.19 (C.D. Cal. 2002); *see also Korinsky v. Salomon Smith Barney Inc.,* No. 01 Civ. 6085 (SWK), 2002 WL 27775, at *2 (S.D.N.Y. Jan. 10, 2002) (denying motion to remand and granting motion to dismiss complaint under SLUSA). When the "essence" of a complaint implicates fraudulent practices, misrepresentations, or omissions, then the action is subject to removal under SLUSA, irrespective of the plaintiff's precise legal theory. *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 877 (8th Cir. 2002).

### B.    The Action Arises Under the Federal Securities Law.

This action may also be removed to federal court because Plaintiff's breach of fiduciary duty claim arises under the federal securities laws. Plaintiff alleges that the Putnam Defendants' owed a fiduciary duty to her and the purported class because they were allegedly "registered investment adviser[s]." Compl. 69. The claim thus implicates the federal securities laws, including especially the Investment Company Act of 1940, 15 U.S.C. § 80a-1 *et seq.*, and the Securities and Exchange Act of 1934, 15 U.S.C. § 78a-1 *et seq.* Plaintiff's breach of fiduciary duty claims are therefore are removable to federal court, notwithstanding Plaintiff's failure to cite the federal securities laws. *See, e.g., Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398 n.2 (1981) (removal is proper where "the real nature of the claims is federal, regardless of plaintiff's characterization).

VENUE

Venue is proper in this District under 28 U.S.C. § 1441(a) and 15 U.S.C. § 78bb(f)(2)

because the removed action has been pending in a state court within this District. The Putnam

Defendants anticipate that they will seek to consolidate this matter with other related actions for

consolidated proceedings in this District or elsewhere.

NOTICE

The Putnam Defendants will promptly file a copy of this Notice of Removal with the

Clerk of the Superior Court Department of the Trial Court, Suffolk County, Commonwealth of

Massachusetts, where this action has been pending, and will serve such notice on all adverse

parties.

Respectfully Submitted,

John D. Donovan, Jr.
Richard D. Batchelder, Jr.
ROPES & GRAY LLP
One International Place
Boston, MA 02110-2624
(617) 951-7000

*Counsel for the Putnam Fund Defendants*

Seth M. Schwartz
Betsy A. Hellman
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM
Four Times Square
New York, NY 10036
(212) 735-3000

*Counsel for the Putnam Management Defendants*

_Join Sylvia / JOY_

John F. Sylvia
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

*Counsel for Justin M. Scott*


_John A. D. Gilmore / JOY_

John A. D. Gilmore
Piper Rudnick LLP
One International Place, 21st Floor
Boston, Massachusetts 02110-2600
(617) 406-6000

*Counsel for Omid Kamshad*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2003, copies of the foregoing Notice of Removal were served by Federal Express upon the following:

Norman Berman
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02109

Frederic S. Fox
Joel B. Strauss
Christine M. Fox
Kaplan Fox & Kilsheimer LLP
805 Third Avenue, 22nd Floor
New York, NY  10022

Laurence D. King
Kaplan Fox & Kilsheimer LLP
555 Montgomery Street, Suite 1501
San Francisco, CA  94111

Law Office of Kenneth A. Elan
217 Broadway, Suite 606
New York, NY  10007