IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROCHELLE MEYER, ROTH IRA CUSTODIAN, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUTNAM INTERNATIONAL VOYAGER FUND n/k/a PUTNAM INTERNATIONAL CAPITAL OPPORTUNITIES FUND, PUTNAM EUROPE GROWTH FUND n/k/a PUTNAM EUROPE EQUITY FUND, PUTNAM INTERNATIONAL GROWTH FUND n/k/a INTERNATIONAL EQUITY FUND, PUTNAM GLOBAL EQUITY FUND, PUTNAM INVESTMENT MANAGEMENT TRUST, PUTNAM INVESTMENT MANAGEMENT LLC, MARSH & MCLENNAN CORP., INC., OMID KAMSHAD, and JUSTIN M. SCOTT,<br><br>Defendants. | Case Number: 03-12214 (WGY) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION TO REMAND THIS ACTION TO THE SUFFOLK
SUPERIOR COURT, DEPARTMENT OF THE TRIAL COURT
OF THE COMMONWEALTH OF MASSACHUSETTS**

## INTRODUCTION

Defendants are trying to fit a square peg into a round hole. Defendants seriously contort the allegations of Ms. Meyer's Complaint and repeatedly mention other "market timing" complaints filed in federal court in their attempt to justify their improper removal of <u>this</u> action to federal court. Despite defendants' attempt to dress it up as such, and notwithstanding what other plaintiffs may or may not have alleged in their respective complaints, there is no federal claim in Ms. Meyer's complaint, which is the only issue before this Court.

Plaintiff Rochelle Meyer's claim is simple. Ms. Meyer owned shares of a Putnam mutual fund. From the time she acquired the shares, Putnam owed a fiduciary duty to Meyer to not only maintain and preserve the value of the shares, but also to try and enhance their value. Accordingly, Meyer never expected, and certainly never authorized Putnam to engage in activities that would actually damage the value of her shares. Yet, that is exactly what Putnam did. Putnam, in an effort to make more fees for itself, and with complete disregard for its fiduciary obligations to Meyer (and those similarly situated) allowed various people to chip away at the value of Ms. Meyer's shares (as well as the shares of those similarly situated). That is what this case is truly about – the violation of one of the most basic of common law theories of liability – breach of fiduciary duty. There is no federal claim here. Accordingly, it is respectfully requested that this case be remanded to state court.

## LEGAL ARGUMENT

### A. The Complaint Does Not Challenge the Propriety of Putnam's Net Asset Value Calculations

In opposition to plaintiff's motion to remand, defendants argue, for the first time, that removal was justified because plaintiff purportedly implicates, in her Complaint, federal rules governing the calculation of the net asset value ("NAV") of mutual funds. The rules cited by

1

defendants, 17 C.F.R. §270.2a-4 and 17 C.F.R. §270.22c-1(b) (Defts.' Memo. at 4-5), concern the methodologies to be employed in calculating the daily NAV of mutual funds in general.[1] Defendants' argument is a red herring. The rules defendants cite have nothing to do with, nor are implicated by, the allegations of the Complaint.

Plaintiff's Complaint is devoid of any allegation which calls into question the propriety of the NAVs of the Putnam mutual funds at issue. Rather, what plaintiff alleges is that because defendants permitted market timing by certain investors of the funds at issue, in breach of their fiduciary duty to Putnam's long term shareholders, the NAVs for those Putnam funds were lower than they would have been had defendants not breached their fiduciary duty to plaintiff and the Class. ¶79.[2] Simply put, plaintiff alleges that the market timing which defendants allowed caused a diminution in value of plaintiff's mutual fund shares. ¶¶70, 79. Plaintiff makes no claims under the ICA or the federal rules and regulations promulgated thereunder.

**B.    SLUSA Does Not Apply Because Plaintiff Does Not Allege Fraudulent Misrepresentations or Omissions or the Use of Manipulative Devices In Connection With the Purchase or Sale of A Covered Security**

Defendants also argue that because this case purportedly sounds in fraud, it is removable under SLUSA. However, notwithstanding that defendants apparently want it to be, this case is not about misrepresentations, omissions or fraud. Indeed, no allegation is made that plaintiff bought or sold covered securities in connection with or in reliance upon any alleged

---

[1]    Notably, nowhere in defendants' Notice of Removal, filed on November 12, 2003, do defendants make any mention the Investment Company Act ("ICA") and/or the rules and regulations promulgated thereunder concerning mutual fund pricing or NAV calculations.

[2]    "¶__" refers to paragraphs of the Meyer Complaint.

2

misrepresentations or omissions by defendants in Putnam's Prospectus or otherwise.[3] Nor is there any allegation that defendants "used or employed any manipulative or deceptive device or other contrivance in connection with the purchase or sale of a covered security." *See* SLUSA, 15 U.S.C. §§77p(b) and (c), 78bb(f)(1).

Instead, the Complaint focuses on defendants' conduct *after* plaintiff and the Class members invested in the Putnam funds at issue. Plaintiff alleges that the value of the Putnam funds was *diminished* as a result of defendants' breach of fiduciary duty. ¶79. Indeed, "By allowing these select investors to time its mutual funds, Putnam breached its duty to the majority of its mutual fund shareholders to maximize the value of their mutual fund shares." ¶11.

Because there are no allegations of misrepresentations or omissions, or manipulative or deceptive devices, defendants' reliance on *Cape Ann Investors LLC v. Lepone*, No. 00-11531-RGS, slip op. (D. Mass 2003) (J. Stearns) and *Coy v. Arthur Andersen*, Case No. 01-4248 (S.D. Tex. Feb. 6, 2002) must fail. *See* Defts.' Memo. at 14-15.

In *Cape Ann*, plaintiffs initially filed a federal complaint against Deloitte & Touche, auditor to dietware company NutraMax Products, alleging, among other things, federal securities violations and state law claims of fraud and misrepresentation. The district court dismissed the federal claims as time-barred. *Cape Ann*, slip op. at 3. When the district court declined supplemental jurisdiction over the remaining state law claims, plaintiff filed a complaint in the

---

[3]  Defendants rely on the Supreme Court's decision in *SEC v. Zandford*, 535 U.S. 813, 819 (2002) in support of their position that the "in connection with" the purchase or sale of securities requirement is satisfied here. The Court in *Zandford* held, in the context of Rule 10(b) of the Securities & Exchange Act of 1934, that the "in connection with" requirement was satisfied when, "the scheme to defraud and the sale of securities coincide." However, plaintiff Meyer has not alleged a "scheme to defraud," only a breach of fiduciary duty. Moreover, even the Court in *Zandford*, acknowledged that, "[O]ur analysis does not transform every breach of fiduciary duty into a federal securities violation." *Zandford*, 535 U.S. at 825, n.4.

3

Massachusetts Superior Court. *Cape Ann*, slip op. at 4. Defendants removed the state complaint on the basis that plaintiffs' claims were preempted by SLUSA.

The district court in *Cape Ann* found that plaintiffs' state claims were preempted by SLUSA, based on two important distinguishing factors: (1) plaintiffs alleged that Deloitte issued false and misleading statements about NutraMax's financial statements; and (2) plaintiffs defined their class to include shareholders who "purchased or otherwise acquired NutraMax common stock . . . as well as those . . . who were induced to maintain their investment in NutraMax common stock by [Deloitte's] false statements." *Cape Ann*, slip op. at 3. Here, plaintiff alleges no false statements and does not bring her claim on behalf of *purchasers* of Putnam mutual funds. On the contrary, the class is defined as holders of the Putnam mutual funds at issue.[4]

Similarly, in *Coy v. Arthur Andersen*, the Court held that certain of the claims delineated in plaintiffs' "shareholder class securities fraud action," should be dismissed under SLUSA as they alleged accounting misrepresentations and omissions in connection with the purchase or sale of covered securities. *See Coy*, at 15. However, as set forth herein, plaintiff Meyer does not allege any untrue statements or omissions. Therefore, defendants' reliance on *Coy v. Arthur Andersen* is also misplaced.

Indeed, plaintiff could not have brought this claim under the federal securities laws even if she wanted to since it does not involve the purchase or sale of her securities. Had plaintiff

---

[4] In *Cape Ann*, Judge Stearns noted that the Supreme Court in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 754-755 (1975) held that, "there is no right of action under Rule 10b-5 <u>unless a misrepresentation caused a plaintiff to actually buy or sell stock</u>." *Cape Ann*, slip op. at 8 (emphasis added). Under the holding of *Blue Chip*, plaintiff would have no right of action under Rule10b-5. Therefore, plaintiff Meyer's claim could not be preempted by SLUSA.

4

done so, Defendants would have undoubtedly moved to dismiss and argued that plaintiff did not state a claim for relief under the federal securities laws.[5]

## C. The Holder Class Is Properly Defined

Defendants argue that because the class of "holders" plaintiff seeks to represent may include persons who also purchased or sold shares of Putnam mutual funds during the Class Period, plaintiff's claim is preempted by SLUSA. *See* Defts.' Memo. at 14-15. This argument is also a red herring.

The most likely measure of damages for plaintiff and the proposed Class is the diminution in NAV for the shares plaintiff and the Class held on each day during the Class Period caused by defendants' breach of their fiduciary duty (*i.e.*, by allowing certain select investors to engage in market timing). Defendants should be able to determine how many mutual fund shares were "held" by plaintiff and the members of the Class on each day of the Class Period so that the total diminution in NAV on each day can be calculated. Whether a class member also bought or sold Putnam mutual fund shares during the Class Period is not relevant to this damage calculation.

---

[5] Two cases also relied on by defendants, *Kirshner v. United States of America*, 603 F.2d 234 (2nd Cir. 1978) and *Lawrence v. Cohn*, 932 F. Supp. 564 (S.D.N.Y. 1996), are inapposite. Defendants cite both cases for the proposition that the "purchaser-seller" requirement of Rule 10b-5 and SLUSA is satisfied where a beneficiary of a trust alleges she was injured by "manipulative securities transactions" engaged in by the trust. *See* Defts.' Memo. at 10-11. Unlike in *Lawrence* or *Kirshner*, plaintiff here has not alleged that Putnam engaged in fraudulent conduct or "manipulative securities transactions," or that the market timers themselves engaged in fraudulent or manipulative conduct in connection with the purchase or sale of securities. While plaintiff does allege that market timing inures to the detriment of long-term fund shareholders (¶10), plaintiff does not allege that market timing, in and of itself, is fraudulent or manipulative conduct as defined by the federal securities laws. Moreover, *Lawrence* and *Kirshner* hardly support defendants' leap of faith conclusion that because plaintiff arguably satisfies the purchaser-seller requirement of a 10b-5 claim, that plaintiff's breach of fiduciary duty claim is preempted by SLUSA. Both SLUSA and 10b-5 require allegations of misrepresentations or omissions or deceptive acts. There is simply no way for defendants to get around this requirement.

5

Again, the claim here is <u>only</u> on behalf of holders of certain Putnam mutual fund shares. Thus, unlike the prototypical 10b-5 securities class action, which this is not, plaintiff is not seeking as damages the differential between an artificially-inflated share price caused by fraudulent misrepresentations and omissions and the "true" share price.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the remand motion be granted and that this action be remanded to the Suffolk Superior Court, Department of the Trial Court of the Commonwealth of Massachusetts, together with such other and further relief as this Court deems just and proper.

Dated: January 20, 2004

BERMAN DEVALERIO PEASE TABACCO
BURT & PUCILLO LLP

_/s/ Norman Berman_

Norman Berman, BBO #040460
One Liberty Square
Boston, MA 02109
Tel: (617) 542-8300
Fax: (617) 542-1194

KAPLAN FOX & KILSHEIMER LLP
Frederic S. Fox
Joel B. Strauss
Christine M. Fox
805 Third Avenue, 22nd Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

KAPLAN FOX & KILSHEIMER LLP
Laurence D. King
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Tel: (415) 772-4700
Fax: (415) 772-4707

Law Office of Kenneth A. Elan
217 Broadway, Suite 606
New York, NY 10007
Tel: (212) 619-0261
Fax: (212) 385-2707

*Counsel for Plaintiff and the Proposed Class*

7

| | |
|---|---|
| ROPES & GRAY LLP | BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO |
| By: *John D. Donovan / by BPD* | By: *Norman Berman / by BPD* |
| John D. Donovan<br>One International Place<br>Boston, Massachusetts 02110<br>(617) 951-7000<br>*Attorneys for the Putnam Fund Defendants* | Norman Berman<br>One Liberty Square<br>Boston, Massachusetts 02109<br>(617) 542-8300<br>*Attorneys for Plaintiffs* |

SKADDEN ARPS SLATE MEAGHER & FLOM LLP

By: *James R. Carroll / by BPD*

James R. Carroll
One Beacon Street
Boston, Massachusetts 02108
*Attorneys for the Putnam Management Defendants*

PIPER RUDNICK LLP

By: *John A.D. Gilmore / by BPD*

John A.D. Gilmore
One International Place
Boston, Massachusetts 02110
(617) 406-6000
*Attorneys for Omid Kamshad*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C.

By: *John F. Sylvia / by BPD*

John F. Sylvia
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
*Attorneys for Justin Scott*

WILKIE FARR & GALLAGHER LLP

By: _____

Stephen W. Greiner
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8000
*Attorneys for Marsh & McClennan Cos., Inc.*

SO ORDERED

_____, U.S.D.J.

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy
of the above document was served upon the
attorney of record for each party by mail/by hand.
Date: _____

FROM KAPLAN, FOX & KILSHEIMER LLP 2126877714   (TUE) 1.20.04 12:42/ST. 12:36/NO. 4260709077 P 4