# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
# DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk

Reply to Northern Division Address

February 27, 2004

U.S. District Court
District of Massachusetts
United States Courthouse Ste 2300
One Courthouse Way
Boston, MA 02210-3002

MDL 1590
In re: Putnam Mutual Funds Investment
Litigation
Your civil no 1:03-12214 �process
Our civil no. 04-567
Rochelle Meyer etc  v Putnam International
Voyager Fund et al

Dear clerk:

I am enclosing a certified copy of the Transfer Order from the Judicial Panel on Multi-district Litigation filed on February 23, 2004, in this court transferring the above entitled case to the District of Maryland.

Pursuant to footnote 8 of the Panel's order partially suspending Rule 1.6(a) for this litigation, please forward only the docket sheet for each transferred action.

Sincerely,

Felicia C. Cannon, Clerk

By: *C. Gibson*
Deputy Clerk

cc: Judge J. Frederick Motz
    Judicial Panel on Multi-district Litigation

---

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 240 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

A CERTIFIED TRUE COPY

FEB 2 0 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED FEB 2 0 2004
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION* FEB 23  A 11: 06

OFFICE

BY_____DEPUTY

*MDL DOCKET NOS. 1576, 1577, 1582, 1585, 1586, 1590 & 1591*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*MDL-1576–IN RE JANUS MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1577–IN RE STRONG MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1582–IN RE BANK ONE MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1585–IN RE BANK OF AMERICA MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1586–IN RE MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1590–IN RE PUTNAM MUTUAL FUNDS INVESTMENT LITIGATION*

*MDL-1591–IN RE ALLIANCE CAPITAL MUTUAL FUNDS INVESTMENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL**

*ORDER*

I hereby attest and certify on_____
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.
FELICIA C. CANNON
CLERK, U. S. DISTRICT COURT
DISTRICT OF MARYLAND

By_____Deputy

---

* Three members of the Panel would be disqualified in this matter due to shareholdings in one or more of the interested parties, and one Panel seat was vacant at the time the matter was considered. The Panel therefore invoked the "rule of necessity" and all members participated in the decision in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation*, 170 F.Supp.2d 1356, 1357-58 (J.P.M.L. 2001).

- 3 -

District of North Carolina (MDL-1585); District of Massachusetts or District of Connecticut (MDL-1590); and Eastern District of New York (MDL-1591).

On the basis of the papers filed and hearing session held, the Panel finds that all actions in these seven dockets involve common questions of fact concerning allegations of market timing and/or late trading in the mutual fund industry. Whether the actions be brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of the involved mutual funds, all actions can be expected to focus on similar mutual fund trading practices and procedures with some common defendants and/or witnesses. Section 1407 centralization of all the actions as one multidistrict docket (MDL-1586) in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Congregating these mutual fund market timing/late trading actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Resolution of overlapping issues, concerning similar conduct in the mutual fund industry, will be streamlined. *See In re Managed Care Litigation*, 2000 U.S. Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000).

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each mutual fund family should produce a different result. These parties urge us, instead, to centralize related actions/claims on a fund-by-fund basis. We are unpersuaded by these arguments. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all mutual fund market timing/late trading actions before one court which can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1586 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks for each mutual fund family and/or separate tracks for the different types of actions involved – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these securities and derivative claims as well as related claims arising under any other federal and/or state laws to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide litigation. Thus we have searched for a transferee district with the capacity and experience to steer this litigation on a prudent course. In addition, this litigation encompasses complex claims against multiple mutual funds by a vast number of plaintiffs/putative class members which could potentially i) present various disqualification issues and/or ii) consume much attention from one transferee judge. Accordingly, the Panel has decided to

# SCHEDULE A

<u>MDL-1576 -- In re Janus Mutual Funds Investment Litigation</u>

### District of Colorado

*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1798
*Ronald Abrams, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1817
*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1847
*Leona A. Marini, etc. v. Janus Investment Fund, et al.*, C.A. No. 1:03-1857
*Priya Vadehera v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1871
*Tara Goldstein v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1884
*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1909

### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221
*Arthur Sylvester v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-4261
*Rhonda Vladimir v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-4273
*May Etsen, et al. v. Janus Fund, et al.*, C.A. No. 2:03-4369
*Robert Corwin v. Thomas H. Bailey, et al.*, C.A. No. 2:03-4384
*Herbert Morris, etc. v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-4453

### Southern District of New York

*Carol Pestone v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-6760
*Brian Wormley, et al. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-6790
*Selma Stone, et al. v. Janus Fund, et al.*, C.A. No. 1:03-6914
*James Schultz v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-7123
*Roger L. Bailey v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-7125
*Elsie Haig, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7218
*Jack Yarbrough, et al. v. Janus Fund, et al.*, C.A. No. 1:03-7333
*Nechama Tepfer v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-7337

### Eastern District of Pennsylvania

*Gloria Steinberg, et al. v. Janus Capital Management, LLC, et al.*, C.A. No. 2:03-5048
*Tom Kidwell, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5242
*George P. Tsetsekos, etc. v. Janus Capital Group, Inc., et al.*, C.A. No. 2:03-5354

# SCHEDULE C

MDL-1582 -- In re Bank One Mutual Funds Investment Litigation

### Northern District of Illinois

*William Pelak v. Bank One Corp., et al.*, C.A. No. 1:03-6591

### District of New Jersey

*Andrew D. Mule, et al. v. Strong Capital Management, Inc., et al.*, C.A. No. 2:03-4221
*Andy Yijun Huang, et al. v. One Group Technology Fund, et al.*, C.A. No. 2:03-4514

### Southern District of New York

*Allan Dworkin v. One Group Technology Fund, et al.*, C.A. No. 1:03-6915
*Charles Tischler v. Bank One Corp., et al.*, C.A. No. 1:03-6970
*Amy Bloomfield v. Mark A. Beeson, et al.*, C.A. No. 1:03-6975

### Southern District of Ohio

*David Brett v. Bank One Corp., et al.*, C.A. No. 2:03-818

## SCHEDULE E

MDL-1590 -- In re Putnam Mutual Funds Investment Litigation

### Northern District of California

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 3:03-4973

### District of Delaware

*Zachary Alan Starr, etc. v Putnam Investment Management, Inc., et al.*, C.A. No. 1:03-1023

### District of Massachusetts

*Diane Saunders v. Putnam American Government Income Fund*, C.A. No. 1:03-12086
*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.*,
    C.A. No. 1:03-12094
*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-12116
*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-12162
*Miranda Zuber, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12175
*Sara Gurno, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-12196
*Ann Schneps Dubin, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12209
*Rochelle Meyer, etc. v. Putnam International Voyager Fund, et al.*, C.A. No. 1:03-12214

### Southern District of New York

*Shelia Schulman, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-8323
*Dawn Maniskas v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8368
*Salvatore Piliere v. Putnam Global Income Trust, et al.*, C.A. No. 1:03-8407
*Paul Angotta, et al. v. Putnam American Government Income Fund, et al.*,
    C.A. No. 1:03-8651
*Kristin Garfield v. Putnam American Government Income Fund, et al.*, C.A. No. 1:03-8683
*Ingeborg Engeler v. Putnam Investments Trust, et al.*, C.A. No. 1:03-8720

# SCHEDULE G

<u>MDL-1586 -- In re Mutual Funds Investment Litigation</u>

<u>Northern District of California</u>

*Jacqueline Burton, et al. v. Marsh & McLennan Companies, Inc., et al.*, C.A. No. 3:03-4973

<u>Central District of California</u>

*Leann Lin v. Bank of America Corp., et al.*, C.A. No. 2:03-6330
*Kathleen A. Sussman, et al. v. Nations Capital Growth Fund, et al.*, C.A. No. 2:03-6957
*Jean Marie Maggi, et al. v. Bank of America Corp., et al.*, C.A. No. 2:03-7249

<u>District of Colorado</u>

*Vivian Bernstein, et al. v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1798
*Ronald Abrams, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1817
*John G. Hill, Jr. v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1847
*Leona A. Marini, etc. v. Janus Investment Fund, et al.*, C.A. No. 1:03-1857
*Priya Vadehera v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1871
*Tara Goldstein v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1884
*Vivian Bernstein v. Janus Capital Management, LLC, et al.*, C.A. No. 1:03-1909
*John R. Lang, et al. v. Janus Fund, et al.*, C.A. No. 1:03-1942
*William Silverman v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1965
*Richard Kaufman v. Janus Capital Group, Inc., et al.*, C.A. No. 1:03-1966

<u>District of Delaware</u>

*Zachary Alan Starr, etc. v Putnam Investment Management, Inc., et al.*, C.A. No. 1:03-1023

<u>Northern District of Illinois</u>

*William Pelak v. Bank One Corp., et al.*, C.A. No. 1:03-6591
*Glen Robinson v. One Group International Equity Index Fund, et al.*, C.A. No. 1:03-6986
*Norman Maged v. One Group Technology Fund, et al.*, C.A. No. 1:03-7029

<u>District of Massachusetts</u>

*Diane Saunders v. Putnam American Government Income Fund*, C.A. No. 1:03-12086
*Sally A. Bulawsky, et al. v. Marsh & McLennan Companies, Inc., et al.*,
   C.A. No. 1:03-12094
*Samuel M. Troutman, et al. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12116
*Lawrence E. Jaffe, etc. v. Putnam American Government Income Fund, et al.*,
   C.A. No. 1:03-12162
*Miranda Zuber, et al. v. Putnam Investment Management, LLC*, C.A. No. 1:03-12175